**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF PENNSYLVANIA**

John Ragano,

Register No. 19883-053

Petitioner,

v.

Warden, FPC Canaan,

Respondent.

FILED
HARRISBURG, PA
JAN 09 2026
PER IBR
DEPUTY CLERK

Civil Action No. _________

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Petitioner, John Ragano, respectfully files this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and states:

**I. JURISDICTION & VENUE**

1. This Court has jurisdiction under 28 U.S.C. §§ 2241 and 1331 because Petitioner challenges the execution of his sentence, specifically the Bureau of Prisons' ("BOP") miscalculation and unlawful denial of First Step Act ("FSA") earned time credits.

2. Venue is proper in this District because Petitioner is confined at FPC Canaan, within the Middle District of Pennsylvania. See *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

**II. PARTIES**

3. Petitioner:

John Ragano

Register No. 19883-053

Currently incarcerated at:

FPC Canaan

Waymart, Pennsylvania

4. Respondent:

Warden, Federal Prison Camp Canaan.

**III. FACTUAL BACKGROUND**

A. Sentencing & FSA Eligibility

5. Petitioner was sentenced on April 11, 2023, for federal offenses and is eligible to earn 15 days of FSA time credits per 30 days based on his PATTERN classification and participation in Evidence-Based Recidivism Reduction ("EBRR") programs and Productive Activities ("PA").

6. Under 18 U.S.C. § 3632(d)(4)(B)(ii), Petitioner began earning FSA credits on the date he was sentenced. The record further reflects that Petitioner began participating in First Step Act–qualifying programming as early as July 28, 2023, and has continued to participate in such programming through the present. Petitioner's date of incarceration was July 10, 2023; thus, within

approximately eighteen (18) days of entering Bureau of Prisons custody, Petitioner completed his first qualifying program. This early and uninterrupted participation demonstrates continuous eligibility for First Step Act time credits from the outset of his incarceration. See Exhibit C.

7. The BOP, however, erroneously set Petitioner's FSA "start date" as July 10, 2023, depriving him of several months of statutorily mandated earned time credits.

Additionally, as of the date of this filing, Petitioner's projected Home Confinement placement date is April 12, 2027, approximately 455 days away.[1] The Bureau of Prisons has disallowed 418 days of First Step Act time credits that Petitioner earned through continuous participation in qualifying programs. If those improperly disallowed credits are restored and applied as required by statute, Petitioner would be immediately eligible for Home Confinement or substantially earlier community placement. The challenged miscalculation therefore results in ongoing and concrete deprivation of liberty.[2]

**B. Continuous Programming & Eligibility**

8. Petitioner has been continuously enrolled in, participating in, and completing FSA-qualifying programs from MDC Brooklyn, FCI Loretto, and now FPC Canaan, as documented in his Individualized Needs Plan ("INP") dated April 16, 2025.[3]

---

[1] This date is calculated from the petitioner's last Individual Needs Plan- Program Review on December 12, 2025.

[2] The Bureau of Prisons retains discretion regarding the precise conditions and logistics of community placement; however, the Court has authority to order recalculation of First Step Act credits and correction of eligibility dates affected by unlawful disallowances.

[3] Petitioner does not allege that staff at FPC Canaan participated in or caused the errors challenged herein. The First Step Act credit miscalculations and disallowances at issue arose prior to Petitioner's arrival at FPC Canaan and stem from earlier Bureau of Prisons determinations and centralized sentence-computation practices. Petitioner advances this clarification with good faith.

The record also demonstrates that during the period the Bureau of Prisons later classified as "disallowed," Petitioner was, in fact, actively engaged in qualifying programming. For example, Petitioner enrolled in and completed Basketball Referee Officiating, which commenced on October 8, 2024 and concluded on November 19, 2024. Notwithstanding this documented participation, the Bureau simultaneously recorded multiple line items during this same period as "disallowed" for First Step Act credit purposes. This internal inconsistency confirms that the disallowance was not based on refusal to program, disciplinary sanction, or actual ineligibility. See Exhibits A and B.

9. Petitioner has completed over *20 EBRR and PA programs*, including but not limited to:

Formula 1

Sleep Disorders

Starting a Business

Vaccines

Social Studies GED Prep

Music Theory

High Blood Pressure

Body Composition

Aerobic Exercise

Business & Marketing

Yoga, Recreation, CFO classes

10. Petitioner has never refused programming and has no disciplinary sanctions related to the First Step Act or his programming eligibility.

C. BOP's Unlawful 418-Day Disallowance

11. Despite Petitioner's continuous programming and eligibility, the BOP disallowed 418 FSA-eligible days between February 10, 2024 and April 3, 2025 by labeling him "not in qualifying status.

12. This disallowance is based solely on Petitioner's presence on a federal writ and holdover status, not due to misconduct, refusal to program, or disciplinary segregation.

13. Program Statement 5410.01 and § 3632(d)(4) do not authorize the BOP to disallow credits for:

writ status

administrative hold

transfer or transport

or any extended non-disciplinary status

14. Petitioner remained under BOP jurisdiction, continued programming, and was fully eligible to earn credits during this period.

D. Administrative Remedy Efforts & Futility

15. Petitioner exhausted BP-8, BP-9, and BP-10.

The Regional Director denied his BP-10 on June 30, 2025, stating the 418 disallowed days were proper.

16. The Regional decision shows the BOP has taken a final, inflexible position.

17. Filing a BP-11 would be *futile* because the BOP General Counsel cannot override statutory requirements nor correct systemic FSA misinterpretations—grounds routinely recognized for excusing exhaustion.

Petitioner's continued completion of First Step Act-qualifying programming following the Regional Office's denial further demonstrates the futility of pursuing additional administrative review. Despite ongoing evidence of eligibility and participation, the Bureau of Prisons has not corrected the challenged calculation or adjusted Petitioner's projected release or placement date. This confirms that the agency's position is fixed as a matter of policy rather than dependent on additional factual development, rendering further exhaustion inadequate and futile.

**IV. GROUNDS FOR RELIEF**

**GROUND ONE:**

BOP Miscalculated Petitioner's FSA Credits by Improperly Disallowing 418 Days

18. The FSA allows disallowance only for:

disciplinary sanctions, followed by

proper documentation, and

short-term periods of disciplinary segregation.

19. In *Sohrab Sharma v. Peters*, 756 F. Supp. 3d 1271 (M.D. Ala. 2024), the court recognized that the BOP may not disallow credits absent a valid disciplinary reason, and non-disciplinary statuses do not justify multi-day disallowances.

20. Petitioner had no disciplinary sanctions during the 418-day period.

21. Thus, the BOP's mass disallowance is arbitrary, capricious, contrary to statute, and violates 18 U.S.C. § 3632(d)(4).

**GROUND TWO**:

BOP Improperly Delayed Petitioner's FSA Start Date

22. Under 18 U.S.C. § 3632(d)(4)(B)(ii), credits begin "on the date the prisoner is sentenced."

23. In *Austen Yufenyuy v. Warden FCI Berlin*, 659 F. Supp. 3d 213 (D.N.H. 2023), the court granted § 2241 relief where the BOP withheld credits by misapplying regulatory start dates.

24. Here, BOP unlawfully delayed Petitioner's credit eligibility from April 11, 2023 to July 10, 2023, depriving him of months of earned credits.

**GROUND THREE**:

BOP's Interpretation of "Non-Qualifying Status" Is Contrary to Law

25. Petitioner was continuously programming and fully eligible.

26. BOP's claim that his time on writ or administrative hold rendered him "not eligible" contradicts:

Program Statement 5410.0, the text of § 3632(d)(4), and judicial interpretation in Sharma

27. Courts have repeatedly held that BOP cannot use internal status designations to defeat eligibility for statutory credits.

**GROUND FOUR:**

Exhaustion of BP-11 Should Be Excused as Futile

28. The Middle District of Pennsylvania recognizes futility in § 2241 cases where the issue is purely legal or where BOP has predetermined its position.

See *Jones v. Spaulding*, 2023 U.S. Dist. LEXIS 107605 (M.D. Pa. 2023).

29. The Regional Office's denial confirms that BOP's position is fixed and administrative remedies cannot provide relief.

30. In *Yufenyuy*, the court granted immediate release where BOP refused to apply earned credits, demonstrating such disputes are appropriate for habeas review without extended administrative exhaustion.

**V. RELIEF REQUESTED**

Petitioner respectfully requests that this Court:

1. Restore the 418 days of disallowed FSA time credits;

2. Correct his FSA start date to April 11, 2023;

3. Order the BOP to immediately recalculate Petitioner's sentence, considering all earned credits;

4. Order Petitioner's immediate transfer to RRC or home confinement if warranted by recalculation;

5.Order the Bureau of Prisons to immediately recalculate Petitioner's First Step Act time credits and correct his projected Residential Reentry Center and Home Detention placement date, which is currently set at April 12, 2027, based on the unlawful disallowance of earned credits and improper accrual start date.

6. Grant any additional relief the Court deems just and proper.

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

John Ragano

Register No. 19883-053

FPC Canaan

Date: 1/2/2026

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN RAGANO,

Petitioner,

v. Civil Action No. __________

WARDEN, FPC CANAAN,

Respondent.

**PETITION FOR WRIT OF HABEAS CORPUS**

**PURSUANT TO 28 U.S.C. § 2241**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd of January, 2026, I caused a true and correct copy of the foregoing Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, together with the accompanying Memorandum of Law and Exhibits, to be served via U.S. Mail, First-Class Postage Prepaid, upon the following:

Warden / Respondent

Warden

Federal Prison Camp Canaan

3057 Eric J. Williams Memorial Drive

Waymart, PA 18472

Counsel for Respondent

United States Attorney

Middle District of Pennsylvania

228 Walnut Street

P.O. Box 11754

Harrisburg, PA 17108

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 2nd, 2026.

*[s] JOHN RAGANO*

Register No. 19883-053

FPC Canaan

3057 Eric J. Williams Memorial Drive

Waymart, PA 18472

Petitioner, *Pro Se*

John Ragano - 19883-053
FPC-Canaan
P.O. Box 200
Waymart, PA 18472




Sylvia H. Rambo
United States Courthouse
1501 North Sixth Street, Suite 101
Harrisburg, PA 17102

RECEIVED
HARRISBURG, PA
JAN 09 2026
PER Ibr
DEPUTY CLERK

THIS CORRESPONDENCE IS FROM AN INMATE
CURRENTLY IN THE CUSTODY OF
THE FEDERAL BUREAU OF PRISONS